**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Case No. 18-mj-2013DPR** |
| **DAWUAN WHITE, AKA "VEGAS,"** | |
| **Defendant.** | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section and 841(a)(1) and (b)(1)(C);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant is a risk to fail to appear for court.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the

community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten years or more is possible. In this case, the defendant is charged with possession with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section and 841(a)(1) and (b)(1)(C), a crime for which a term of not more than 20 years in prison is possible. Accordingly, the government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the criminal complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

As a further reason for detention, the Government argues that the defendant poses a serious danger to the community, as well as a risk not to appear for his court proceedings, because of his criminal history, which includes the following convictions:

1. DWI-Alcohol; Misdemeanor; Greene County, Missouri, Circuit Court; Case Number, 1031-CR03649; Date of Conviction, March 11, 2011; 90 days in county jail; SES - 2 years unsupervised probation.

2. Operating a Motor Vehicle Without License; Greene County, Missouri, Circuit Court; Case Number, 1031-CR05230; Date of Conviction, March 11, 2011; 180 days in the county jail; SES – 2 years unsupervised probation.

2

3. Distribution, Delivery, Manufacture or Production of a Controlled Substance or Attempt to Possess With Intent To Distribution, Delivery, Manufacture or Production, Prior and Persistent; Greene County, Missouri, Circuit Court; Case Number, 31307CF2971; Date of Conviction, August 7, 2009; 7 years SES, 5 years probation, probation revoked, sentence imposed, June 30, 2011.

4. Distribution, Delivery, Manufacture or Production of a Controlled Substance or Attempt to Possess With Intent To Distribution, Delivery, Manufacture or Production; Greene County, Missouri, Circuit Court; Case Number, 1031-CR07014-01; Date of Conviction, July 1, 2011; 7 years imprisonment.

Additionally, the defendant, at the moment officers attempted to arrest him, evaded arrest by running from the police. While in flight, the defendant threw away two bags later found to contain 40 grams of heroin. Officers later apprehended the defendant. Law enforcement officers questioned the defendant, after he had been properly *Mirandize,* and the defendant admitted that he had sold over 400 grams of heroin in the Springfield, Missouri, area, since September of 2017. Law enforcement later conducted a consensual search of the property where they believed that the defendant stored some of the heroin that he distributed. A search of that property revealed an additional 20 grams of heroin, empty sleeping pill capsules, a blender, and vice press. Heroin distributors commonly use these items to mix raw heroin with cutting agents and then press it back into a tightly formed shape.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ Randall D. Eggert*
Randall D. Eggert MOBar #39404
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

      The undersigned hereby certifies that a copy of the foregoing was delivered on February 21, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                          */s/ Randall D. Eggert*
                                          Randall D. Eggert
                                          Assistant United States Attorney