IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-03033-01-CR-S-MDH |
| | ) |
| DAWAUN WHITE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the issue of Defendant Dawaun White's competency to stand trial. On April 23, 2021, defense counsel filed a Motion for Neurological Examination pursuant to 18 U.S.C. § 4241, asserting that "Defendant suffered head trauma during his arrest" and "appears to be suffering from severe headaches to the extent that he is possibly unable to assist properly in his defense or unable to make a knowing and intelligent plea." (Doc. 200.) On April 29, 2021, based on the motion, the Magistrate Judge found reasonable cause to believe that Defendant may be suffering from a mental defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and ordered his commitment for a psychiatric or psychological examination pursuant to Section 4241(b). Defendant was examined at the Federal Medical Center ("FMC") in Lexington, Kentucky by Kristen Schramm, Psy.D., Forensic Psychologist, who prepared a report dated July 28, 2021. (Doc. 209.) On August 18, 2021, Defendant, his attorney, Jason Coatney, and the Government's attorney, Cameron Beaver, appeared for a hearing. (Doc. 211.) Dr. Schramm's report was the only evidence presented as to the issue of competency. (Doc. 213 at 4-5.)

1

The examination consisted of multiple clinical interviews, routine observations, psychological testing and a review of records. (Doc. 209 at 2.) Upon arrival at the FMC, Defendant presented as stable with no signs of acute psychological distress. *Id*. at 4. During the evaluation, Defendant was often observed socializing with peers, was able to learn and follow the institution's policies and procedures, received no incident reports, independently and routinely completed activities of daily living, and managed his commissary account. *Id*. He also utilized the telephone system, "making 90 calls totaling approximately 16 hours in duration," of which Dr. Schramm reviewed a portion and found "no signs of psychotic symptoms or thought disorder; nor [] any signs of preoccupation, distraction, deficits in social functioning, or clinically significant memory impairment." *Id*.

Defendant reported "difficulties regarding short-term memory," along with headaches, dizziness, fatigue, and difficulty walking distances. *Id*. at 5. However, Dr. Schramm observed that Defendant had no difficulty ambulating, nor any difficulty participating in the evaluation. *Id*. Regarding his memory, Defendant recalled: (1) his employment history including dates "with specificity"; (2) five physical health medications "with ease"; and (3) the events of his arrest "in great detail." *Id*. As for his short-term memory, Dr. Schramm reviewed over 11 hours of telephone calls and observed Defendant was able to recall information 15 to 90 minutes after receiving the information. *Id*. at 5-6.

Dr. Schramm assigned only one diagnosis: "Opioid Use Disorder, Moderate, In a controlled environment." *Id*. at 9. Dr. Schramm considered but did not assign any diagnosis of major or mild neurocognitive disorder due to traumatic brain injury. *Id*. at 9-10. She found no evidence, other than Defendant's self-report, that he did, in fact, sustain a traumatic brain injury. *Id*. at 10. CT scanning revealed no abnormalities, and Defendant's observed presentation, behavior

2

and demonstrated abilities were not consistent with those of a person who had sustained a traumatic brain injury. *Id*. Consequently, Dr. Schramm found no presence of "a mental disease or defect sufficient to preclude his competency to proceed." *Id*.

On the issue of competency, Defendant correctly identified the charges against him and potential penalties. *Id* at 7. He "was able to provide a basic description of the different roles of courtroom personnel." *Id*. Defendant described the pleas of guilty and not guilty, their consequences, and the plea agreement process. *Id*. at 8. Defendant identified his attorney and expressed confidence in him and denied any disagreement. *Id*. Defendant also demonstrated the ability to learn concepts that were initially unclear to him. Accordingly, Dr. Schramm opined that Defendant "displayed a sufficient factual and rational understanding of the proceedings against him and demonstrated sufficient present ability to consult with his attorney with a reasonable degree of rational understanding," and concluded that he "is presently competent to proceed." *Id*. at 10.

There were no objections to the Report and Recommendation prepared by the Magistrate Judge. Based on the uncontroverted report of Dr. Schramm, the Court finds by a preponderance that Defendant is not presently suffering from a mental disease or defect that would render him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, the Court adopts the Report and Recommendation (Doc. 214) and finds that Defendant is competent to stand trial.

**IT IS SO ORDERED.**

Dated: September 8, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**